# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MABON DEMETRIC JAMES,<br><br>    Petitioner,<br><br>v.<br><br>PROMA, Warden,<br><br>    Respondent. | No. ED CV 15-1956-SJO (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On May 31, 2017, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed on the merits with prejudice. On June 14, 2017, petitioner filed Objections to the R&R.

In the Objections, petitioner argues that under the facts and reasoning set forth in two California Court of Appeal cases -- Sykes v. Superior Court, 30 Cal.App.4th 479 (Cal.App. 1 Dist. 1994), and People v. Galoia, 31 Cal.App.4th 595 (Cal.App. 4 Dist. 1994) -- Marta Parfeta's role was similar to that of a bystander who had no special relationship with the owner of the stolen property and therefore Parfeta did not have constructive possession of her friend's (Cassandra Smith) belongings. (Objections at 3-4). The court of appeal in petitioner's case adequately distinguished Sykes and Galoia in its reasoned denial, and instead found petitioner's case similar to People v. Bekele, 33 Cal.App.4th 1457 (1995), *disapproved of on other grounds by* People v.

Rodriguez, 20 Cal.4th 1, 82 Cal.Rptr.2d 413 (1999).[1] (See Lodgment No. 6 at 11-14). In Bekele, a coworker of the property's owner was found to have constructive possession because the owner, after he and the coworker saw the perpetrator burglarizing the owner's truck, said to the coworker, "Let's stop. There is somebody in my truck." The coworker and owner approached the truck and told the perpetrator to stop, and the coworker struck the perpetrator and chased him yelling "Stop, drop the bag." 33 Cal.App.4th at 1460. According to the Bekele court, the owner's implied grant of authority to help stop the theft resulted in the coworker having constructive possession of the owner's property. Id. at 1462. Here, the court of appeal reasonably determined that, like the coworker relationship in Bekele, the friendship between Parfeta and Smith created a special relationship, such that Smith entrusted Parfeta to help safeguard her property. For these reasons, as well as the reasons set forth in the R&R, the court of appeal's denial of petitioner's insufficiency of the evidence claim was not objectively unreasonable.

The Court also finds unpersuasive petitioner's argument that "there was no evidence that Parfeta felt it was 'her place' to demand return of the property." (Objections at 4). Although Parfeta did not expressly testify that she felt it was "her place" to safeguard Smith's belongings, it could be reasonably inferred from her testimony that she felt responsible for keeping Smith's items safe from theft, especially after Smith asked Parfeta to return to the car because it was unlocked and Smith's purse was on the floorboard.

The Court has reviewed petitioner's remaining objections and finds that they are adequately addressed in the R&R.

/

/

/

---

[1] The court of appeal's interpretation of state law is binding on this Court. See Mullaney v. Wilbur, 421 U.S. 684, 691 n.11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) ("state courts are the ultimate expositors of state law" and a federal court is bound by the state court's construction except when it appears to be an obvious subterfuge to evade the consideration of a federal issue); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (federal courts are bound by state court rulings on questions of state law).

2

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: June 26, 2017

*S. James Otero*

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE